UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff, | CRIMINAL NO. 11-cr-20699 |
| v. | HON. NANCY G. EDMUNDS |
| D-1  LEO EARL SHARP | VIOLATIONS: |
| D-2  JOSE ROBERTO LUCERO-BUSTAMANTE<br>     a.k.a. "Beto" | |
| D-3  ARMANDO DIAS-LUCERO | 21 U.S.C. § 841, |
| D-4  PEDRO DELGADO-SANCHEZ<br>     a.k.a. "Viejo," "Del Sol" | 21 U.S.C. § 841(b)(1)(A)(i),<br>21 U.S.C. § 841(b)(1)(A)(ii), |
| D-5  OCTAVIO HUMBERTO GAMEZ<br>     a.k.a. "Primo," "Bert" | 21 U.S.C. § 843(b),<br>21 U.S.C. § 846, |
| D-6  MOISES OSUNA LICONA | 21 U.S.C. § 848, |
|      a.k.a. "Juanito," "Martin Emilio Cruz-Valenzuela,"<br>     "Juan Antonio Guerrero-Sanchez" | 18 U.S.C. § 922(g)(1) |
| D-7  THEODORE J. CZACH<br>     a.k.a. "Teddy" | Criminal forfeiture allegations |
| D-8  ALEJANDRO APARICIO VARGAS<br>     a.k.a. "Cuatro," "Glasses," "Alex,"<br>     "Troka," "Blanca" | |
| D-9  ANTONIO SIMMONS<br>     a.k.a. "Pancho," "Mayate," "MHA,"<br>     "Mallate," "Lowes" | |
| D-10  SERGIO CORDOVA ALVARADO | |
| D-11  NICHOLAS DOMINICK SIMMONS<br>     a.k.a. "Gordito," "Chaparrito" |  |
| D-12  KENNETH DWAYNE JENKINS<br>     a.k.a. "Tusa," "Tuza," "Tusita" | |
| D-13  DAVID FELIX JURADO<br>     a.k.a "Davi," "Ojo Rollado," "Green Eyes" | |
| D-14  OSCAR ENRIQUEZ MARTINEZ<br>     a.k.a. "Bolista" | |
| D-15  REYMOYNE THORNTON | |
| D-16  WALTER OGDEN | |
| D-17  MARK GEORGE BAILEY | |
| D-18  MARTIN NAJJAR | |
| D-19  TAMARA LYNN BOND-OGDEN | |
|             Defendants.<br>_____/ | |

## SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

21 U.S.C. § 841(a) & 841(b)(1)(A)(ii) - *Possession with Intent to Distribute a Controlled Substance (Cocaine)*

On or about October 21, 2011, in the Eastern District of Michigan, Southern Division, defendant, LEO SHARP, did knowingly and intentionally commit an offense against the United States, that is, to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

### COUNT TWO

21 U.S.C. § 848 – *Continuing Criminal Enterprise*

D-2  JOSE ROBERTO LUCERO-BUSTAMANTE
     a.k.a "Beto"
D-4  PEDRO DELGADO-SANCHEZ
     a.k.a. "Viejo," "Del Sol"
D-5  OCTAVIO HUMBERTO GAMEZ
     a.k.a. "Primo," "Burt"

From in and at least sometime in 2008, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including February 26, 2012, within the Eastern District of Michigan, and elsewhere, the defendants, JOSE ROBERTO LUCERO-BUSTAMANTE, PEDRO DELGADO-SANCHEZ, and OCTAVIO HUMBERTO GAMEZ, did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that they unlawfully, knowingly and intentionally violated Title 21, United States Code, Sections 841, 843, and 846, which violations include, but are not limited to the substantive violations alleged in Counts Three, Four, and Six through Fifteen, as well as Possession with Intent to Distribute

2

Cocaine and Distribution of Cocaine, Possession with Intent to Distribute Heroin, and Use of a Telecommunications Facility in Furtherance of Drug Trafficking; which Counts and Acts are re-alleged and incorporated herein by reference as though fully set forth in this Count, and which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq., undertaken by defendants, Jose Roberto Lucero-Bustamante, Pedro Delgado-Sanchez, and Octavio Humberto Gamez, in concert with at least five other persons with respect to whom Jose Roberto Lucero-Bustamante, Pedro Delgado-Sanchez, and Octavio Humberto Gamez occupied positions of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendants obtained substantial income and resources.

All in violation of Title 21, United States Code, Section 848(a).

## COUNT THREE

21 U.S.C. §§ 846, 841(a), 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii) - *Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances (Marijuana, Cocaine, and Heroin)*

D-1  LEO EARL SHARP
D-2  JOSE ROBERTO LUCERO-BUSTAMANTE
    a.k.a. "Beto"
D-3  ARMANDO DIAS-LUCERO
D-4  PEDRO DELGADO-SANCHEZ
    a.k.a. "Viejo," "Del Sol"
D-5  OCTAVIO HUMBERTO GAMEZ
    a.k.a. "Primo," "Bert"
D-7  THEODORE J. CZACH
    a.k.a. "Teddy"
D-8  ALEJANDRO APARICIO VARGAS
    a.k.a. "Cuatro," "Glasses," "Alex,"
        "Troka," "Blanca"
D-9  ANTONIO SIMMONS
    a.k.a. "Pancho," "Mayate," "MHA,"
        "Mallate," "Lowes"
D-11 NICHOLAS DOMINICK SIMMONS
    a.k.a. "Gordito," "Chaparrito"

D-12 KENNETH DWAYNE JENKINS
    a.k.a. "Tusa," "Tuza," "Tusita"
D-13 DAVID FELIX JURADO
    a.k.a "Davi," "Ojo Rollado," "Green Eyes"
D-14 OSCAR ENRIQUEZ MARTINEZ
    a.k.a. "Bolista"
D-15 REYMOYNE THORNTON
D-16 WALTER OGDEN
D-17 MARK GEORGE BAILEY
D-18 MARTIN NAJJAR
D-19 TAMARA LYNN BOND-OGDEN

From in and at least sometime in 2008, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including February 26, 2012, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants LEO SHARP, JOSE ROBERTO LUCERO-BUSTAMANTE, ARMANDO DIAS-LUCERO, PEDRO DELGADO-SANCHEZ, OCTAVIO HUMBERTO GAMEZ, THEODORE J. CZACH, ALEJANDRO APARICIO VARGAS, ANTONIO SIMMONS, NICHOLAS DOMINICK SIMMONS, KENNETH DWAYNE JENKINS, DAVID FELIX JURADO, OSCAR ENRIQUE MARTINEZ, REYMOYNE THORNTON, WALTER OGDEN, MARK GEORGE BAILEY, MARTIN NAJJAR, TAMARA LYNN BOND-OGDEN and others, known and unknown to the grand jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree to commit an offense against the United States, that is, to possess with intent to distribute, and to distribute controlled substances, specifically one thousand (1,000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii), and 846.

It is further part of the conspiracy that:

1. It was part of the conspiracy that, Jose Roberto Lucero-Bustamante and Armando Dias-Lucero lead a drug trafficking organization responsible for the shipment and distribution of marijuana, cocaine, and heroin on a regular basis from Mexico to Michigan. This organization is a part of the Joquin Guzman LOREA a.k.a "Chapo" GUZMAN Sinaloa Cartel based in Sinaloa, Mexico. The organization distributed thousands of kilograms of marijuana, over a thousand kilograms of cocaine, and kilogram-sized quantities of heroin in the Detroit metropolitan area from July 2008 – 2011.

2. It was further part of the conspiracy that Pedro Delgado-Sanchez acted as a middle man between Lucero-Bustamante and Dias-Lucero in Mexico and Theodore Czach in Michigan for shipments of cocaine. Delgado-Sanchez would coordinate with Octavio Humberto Gamez to find couriers to bring the shipments of cocaine from the southwest border region of the United States to Michigan.

3. It was further part of the conspiracy that Leo Earl Sharp, Mark George Bailey, Walter Ogden, Tamara Lynn Bond-Ogden, and others, known and unknown to the grand jury, acted as couriers for the organization transporting cocaine and money between co-conspirators.

4. It was further part of the conspiracy that Alejandro Aparico Vargas, Antonio Simmons, Nicholas Dominick Simmons, Kenneth Dwayne Jenkins, David Felix Juarado, and Reymoyne Thornton would obtain multi-kilogram quantities of marijuana and cocaine for further distribution and sale.

5. During the life of the conspiracy, Jose Roberto Lucero-Bustamante, Pedro Delgado-Sanchez, and Octavio Humberto Gamez and other conspirators, aiding and abetting each other, possessed cocaine with the intent to distribute on a continuing basis. Some of these transactions include the following:

> A. Between 2009 and the end of 2011, Leo Sharp has delivered approximately 670 kilograms of cocaine to conspirators in Michigan.
>
> B. In 2011, Mark George Bailey delivered approximately 185 kilograms of cocaine to conspirators in Michigan.
>
> C. In July 2011, Walter Ogden and Tamara Lynn Bond-Ogden delivered approximately 200 kilograms of cocaine to conspirators in Michigan.
>
> D. When larger loads of cocaine were not available to be delivered to Michigan, Oscar Martinez would travel to Chicago to pick up kilogram-sized quantities of cocaine from this organization.

## COUNT FOUR

21 U.S.C. §§ 846, 841(a), 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II) - *Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances (Heroin & Cocaine)*

D-1 LEO EARL SHARP
D-2 JOSE ROBERTO LUCERO-BUSTAMANTE
    a.k.a. "Beto"
D-3 ARMANDO DIAS-LUCERO
D-4 PEDRO DELGADO-SANCHEZ
    a.k.a. "Viejo," "Del Sol"
D-5 OCTAVIO HUMBERTO GAMEZ
    a.k.a. "Primo," "Bert"
D-6 MOISES OSUNA LICONA
    a.k.a. "Juanito," "Martin Emilio Cruz-Valenzuela,"
        "Juan Antonio Guerrero-Sanchez"
D-10 SERGIO CORDOVA ALVARADO
D-17 MARK GEORGE BAILEY

From in and at least sometime in 2010, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including February 26, 2012, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants LEO SHARP, JOSE ROBERTO

LUCERO-BUSTAMANTE, ARMANDO DIAS-LUCERO, PEDRO DELGADO-SANCHEZ, OCTAVIO HUMBERTO GAMEZ, MOISES OSUNA LICONA, SERGIO CORDOVA ALVARADO, MARK GEORGE BAILEY, and others, known and unknown to the grand jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree to commit an offense against the United States, that is, to possess with intent to distribute, and to distribute controlled substances, specifically one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), and 846.

It is further part of the conspiracy that:

1. It was part of the conspiracy that, Jose Roberto Lucero-Bustamante and Armando Dias-Lucero lead a drug trafficking organization responsible for the shipment and distribution of cocaine on a regular basis and heroin on a less frequent basis from Mexico to Michigan. This organization is a part of the Joquin Guzman LOREA a.k.a. "Chapo" GUZMAN Sinaloa Cartel based in Sinaloa, Mexico.

2. It was further part of the conspiracy that Pedro Delgado-Sanchez acted as a middle man between Lucero-Bustamante and Dias-Lucero in Mexico and Moises Osuna Licona in Michigan for shipments of cocaine and heroin. Delgado-Sanchez would coordinate with Octavio Humberto Gamez to find couriers to bring the illegal narcotics from the southwest border region of the United States to Michigan.

3. It was further part of the conspiracy that Leo Earl Sharp, and others known and unknown to the grand jury, acted as couriers for the organization transporting illegal narcotics and money between other co-conspirators.

4. It was further part of the conspiracy that Sergio Cordova Alvarado would assist Moises Osuna Licona in the further distribution and sale of multi-kilogram quantities of cocaine.

5. During the life of the conspiracy, Jose Roberto Lucero-Bustamante, Pedro Delgado-Sanchez, and Octavio Humberto Gamez and other conspirators, aiding and abetting each other, possessed cocaine and heroin with the intent to distribute on a continuing basis. Some of these transactions include the following:

    A. In September 2011, approximately 100 kilograms of cocaine were possessed in Arizona, Colorado, and elsewhere.

    B. In October 2011, kilograms of cocaine were possessed in Michigan and elsewhere.

    C. In October 2011, approximately 104 kilograms of cocaine were possessed in Arizona, Michigan, and elsewhere.

    D. In February 2012, approximately 1 kilogram of heroin was possessed in Arizona, Colorado, and elsewhere.

## COUNT FIVE

21 U.S.C. § 841(a) & 841(b)(1)(A)(i) - *Possession with Intent to Distribute a Controlled Substance (Heroin)*

D-8 ALEJANDRO APARICIO VARGAS
    a.k.a. "Cuatro," "Glasses," "Alex,"
    "Troka," "Blanca"

On or about October 14, 2011, in the Eastern District of Michigan, Southern Division, defendant, ALEJANDRO APARICIO VARGAS, did knowingly and intentionally commit an offense against the United States, that is, to possess with the intent to distribute 1 kilogram or

8

more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i).

## COUNT SIX

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-2  JOSE ROBERTO LUCERO-BUSTAMANTE
      a.k.a. "Beto"

On or about August 30, 2011, at approximately 6:27 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere JOSE ROBERTO LUCERO-BUSTAMANTE, knowingly and intentionally used a communication facility, to wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT SEVEN

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-4  PEDRO DELGADO-SANCHEZ
      a.k.a. "Viejo," "Del Sol"
D-5  OCTAVIO HUMBERTO GAMEZ
      a.k.a. "Primo," "Bert"

On or about October 20, 2011, at approximately 7:36 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere, PEDRO DELGADO-SANCHEZ and OCTAVIO HUMBERTO GAMEZ knowingly and intentionally used a communication facility, to wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT EIGHT

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-4  PEDRO DELGADO-SANCHEZ
    a.k.a. "Viejo," "Del Sol"
D-5  OCTAVIO HUMBERTO GAMEZ
    a.k.a. "Primo," "Bert"

On or about October 21, 2011, at approximately 1:45 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere, PEDRO DELGADO-SANCHEZ and OCTAVIO HUMBERTO GAMEZ knowingly and intentionally used a communication facility, to wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT NINE

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-4  PEDRO DELGADO-SANCHEZ
    a.k.a. "Viejo," "Del Sol"
D-6  MOISES OSUNA LICONA
    a.k.a. "Juanito," "Martin Emilio Cruz-Valenzuela,"
    "Juan Antonio Guerrero-Sanchez"

That on or about October 21, 2011, at approximately 5:08 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere, PEDRO DELGADO-SANCHEZ and MOISES OSUNA LICONA knowingly and intentionally used a communication facility, to wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the

Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

### COUNT TEN

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-5  OCTAVIO HUMBERTO GAMEZ
      a.k.a. "Primo," "Bert"
D-6  MOISES OSUNA LICONA
      a.k.a. "Juanito," "Martin Emilio Cruz-Valenzuela,"
      "Juan Antonio Guerrero-Sanchez"

That on or about October 21, 2011, at approximately 6:56 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere, OCTAVIO HUMBERTO GAMEZ and MOISES OSUNA LICONA knowingly and intentionally used a communication facility, to wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

### COUNT ELEVEN

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-4  PEDRO DELGADO-SANCHEZ
      a.k.a. "Viejo," "Del Sol"
D-5  OCTAVIO HUMBERTO GAMEZ
      a.k.a. "Primo," "Bert"

That on or about October 21, 2011, at approximately 7:20 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere, PEDRO DELGADO-SANCHEZ and OCTAVIO HUMBERTO GAMEZ knowingly and intentionally used a communication facility, to wit: a

telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT TWELVE

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-5  OCTAVIO HUMBERTO GAMEZ
    a.k.a. "Primo," "Bert"
D-6  MOISES OSUNA LICONA
    a.k.a. "Juanito," "Martin Emilio Cruz-Valenzuela,"
    "Juan Antonio Guerrero-Sanchez"

That on or about October 21, 2011, at approximately 7:55 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere, OCTAVIO HUMBERTO GAMEZ and MOISES OSUNA LICONA knowingly and intentionally used a communication facility, to wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTEEN

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-4  PEDRO DELGADO-SANCHEZ
    a.k.a. "Viejo," "Del Sol"
D-6  MOISES OSUNA LICONA
    a.k.a. "Juanito," "Martin Emilio Cruz-Valenzuela,"
    "Juan Antonio Guerrero-Sanchez"

That on or about October 22, 2011, at approximately 6:21 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere, PEDRO DELGADO-SANCHEZ and MOISES OSUNA LICONA knowingly and intentionally used a communication facility, to wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FOURTEEN

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-2  JOSE ROBERTO LUCERO-BUSTAMANTE
     a.k.a. "Beto"

That on or about January 16, 2012, at approximately 3:07 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere JOSE ROBERTO LUCERO-BUSTAMANTE knowingly and intentionally used a communication facility, to wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTEEN

21 U.S.C. § 843(b) – *Use of Communication Facility in Facilitating the Commission of Violations of the Controlled Substance Act*

D-2  JOSE ROBERTO LUCERO-BUSTAMANTE
     a.k.a. "Beto"

That on or about February 16, 2012, at approximately 4:29 p.m., in the Eastern District of Michigan, Southern Division, and elsewhere JOSE ROBERTO LUCERO-BUSTAMANTE

knowingly and intentionally used a communication facility, to wit: a telephone, in causing or facilitating the commission of acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to distribute cocaine in violation of 21 U.S.C. §846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT SIXTEEN

18 U.S.C. § 922(g)(1) – *Felon in Possession of a Firearm*

D-12 KENNETH DWAYNE JENKINS
     a.k.a. "Tusa," "Tuza," "Tusita"

On or about February 28, 2012, in the Eastern District of Michigan, Southern Division, KENNETH DWAYNE JENKINS after having previously been convicted of at least crime punishable by imprisonment for a term exceeding one year (felony offense), did knowingly and unlawfully possess three firearms: one Bersa SA Thunder .380 caliber, serial number A41064, one HK-P30 9mm semi automatic handgun, serial number 129-001994, and one HI-Point Firearms, Model C9, 9mm Luger semi automatic handgun, serial number 1279418, said firearms having previously traveled in interstate and/or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVENTEEN

18 U.S.C. § 922(g)(1) – *Felon in Possession of a Firearm*

D-8 ALEJANDRO APARICIO VARGAS
     a.k.a. "Cuatro," "Glasses," "Alex,"
     "Troka," "Blanca"

On or about February 28, 2012, in the Eastern District of Michigan, Southern Division, ALEJANDRO APARICIO VARGAS, after having previously been convicted of at least crime punishable by imprisonment for a term exceeding one year (felony offense), did knowingly and unlawfully possess a firearm: to wit, a Cobray CM-11 9 mm carbine, serial number 0013825,

said firearm having previously traveled in interstate and/or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

said firearm having previously traveled in interstate and/or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATIONS

Pursuant to Fed.R.Cr.P. 32.2(a), the government hereby provides notice to the defendant(s) of its intention to seek forfeiture of all proceeds, direct or indirect, or property traceable thereto, all property that facilitated the commission of the violations alleged, or property traceable thereto, and all property involved in, or property traceable thereto, of the violations set forth in this Indictment.

THIS IS A TRUE BILL.

s/Grand Jury Foreperson
GRAND JURY FOREPERSON
Dated: 9/27/12

BARBARA L. McQUADE
United States Attorney

s/Christopher Graveline
CHRISTOPHER GRAVELINE
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9155
E-Mail: Christopher.graveline2@usdoj.gov
Bar No. (P69515)

s/Douglas Salzenstein
DOUGLAS SALZENSTEIN
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9196
E-Mail: doug.salzenstein@usdoj.gov
Bar No. (P59288)

s/Gjon Juncaj
GJON JUNCAJ
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9623
E-Mail: gjon.juncaj2@usdoj.gov
Bar No. (P63256)

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number 11-cr-20699 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  [X] No | AUSA's Initials: |

**Case Title:** D-1 LEO SHARP, et al.

**County where offense occurred :** Wayne

**Check One:**   [X] Felony   ☐ Misdemeanor   ☐ Petty

____Indictment / ____Information --- no prior complaint.
____Indictment / ____Information --- based upon prior complaint [Case number:   ]
__X__ Second SS Indictment --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 11-cr-20699

[ ] Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
[ ] Involves, for plea purposes, different charges or adds counts.
[X] Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint |
|---|---|---|
| D-15  Reymoyne Thornton | 21 U.S.C. SS 846 | |
| D-19  TAMARA LYNN BOND-OGDEN | 21 US.C. SS 846 | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

September 27, 2012
Date

CHRISTOPHER GRAVELINE
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9155
Fax: (313) 226-3265
E-Mail address: Christopher.Graveline2@usdoj.gov