UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

CRIMINAL NO. 11-20699

HON. NANCY G. EDMUNDS

D-1  LEO EARL SHARP
D-7  THEODORE J. CZACH
D-11  NICHOLAS DOMINICK SIMMONS
D-12  KENNETH DWAYNE JENKINS
D-15  REYMOYNE THORNTON
D-18  MARTIN NAJJAR

          Defendants.
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS COUNT THREE OF THE SECOND SUPERSEDING INDICTMENT AND MOTIONS FOR BILL OF PARTICULARS

Defendants Jenkins and Czach each filed a motion to dismiss Count Three of the Second Superseding Indictment (SSI). *See* Docket Entries (DE) 164 and 168. Defendant Czach and defendant Nicholas Simmons also filed motions requesting a bill of particulars. *See* DE 169 and 170. These motions were joined by several other defendants. *See* DE 165, 172, 173, 174, 178, 179, 180 and 184.

In the motions to dismiss, the defendants contend that the SSI does not provide sufficient notice of the charges against them with respect to the portion of Count Three that charges them with conspiring to possess with intent to distribute, and to distribute, heroin and marijuana.[1] Specifically, the defendants argue that Count Three does not apprise them of: (a) the dates and times that the drug activities took place; (b) what transactions were committed in furtherance of

---

[1] Accordingly, these defendants do not seek dismissal of Count Three as it relates to their involvement in the conspiracy to possess with intent to distribute, and to distribute, cocaine.

1

the conspiracy; (c) who agreed with who, and when; and (d) what facts show the defendants' knowledge and intent. *See* DE 164 (Jenkins's Br.) at 3, 8-9, 12-13; DE 168 (Czach's Br.) at 3-5, 8-11.

Alternatively, these defendants seek a bill of particulars requesting that the government: (a) identify when and how these defendants became involved in the conspiracy; (b) identify when and with whom these defendants agreed to commit illegal acts; and (c) answer a litany of questions proposed by defendant Simmons. *See* DE 169 at 1-2; DE 170 (Simmons's Br.) at 5-6.

The government opposes the defendants' motions to dismiss because Count Three is constitutionally sufficient and comports with all of the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure – Count Three tracks the statutory language of the offense charged, provides defendants with notice of the elements the government must prove at trial, and gives the defendants sufficient information that "enables [them] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117 (1974). This conclusion is supported by long-standing Sixth Circuit case law, none of which was cited by the defendants.

Likewise, the government opposes the defendants' attempt to use a motion for a bill of particulars to obtain discovery and trial information beyond that required by the Federal Rules of Criminal Procedure. Case law (including the very cases cited by the defendants) dictates that the defendants simply cannot use a bill of particulars to obtain the information requested. Furthermore, the defendants cannot obtain a bill of particulars where, as here, the government has provided complete and extensive discovery to the defendants. In the end, the defendants' motions are a thinly-veiled attempt to obtain the government's evidence and trial theories under

the guise of a bill of particulars and, as a result, the government respectfully requests that the motions be summarily denied.

## BACKGROUND

On September 27, 2012, the Grand Jury handed-down the SSI in this case. The SSI contains seventeen counts, including Count Three, which provides:

> From in and at least sometime in 2008, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including February 26, 2012, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants LEO SHARP, JOSE ROBERTO LUCERO-BUSTAMANTE, ARMANDO DIAS-LUCERO, PEDRO DELGADO-SANCHEZ, OCTAVIO HUMBERTO GAMEZ, THEODORE J. CZACH, ALEJANDRO APARICIO VARGAS, ANTONIO SIMMONS, NICHOLAS DOMINICK SIMMONS, KENNETH DWAYNE JENKINS, DAVID FELIX JURADO, OSCAR ENRIQUE MARTINEZ, REYMOYNE THORNTON, WALTER OGDEN, MARK GEORGE BAILEY, MARTIN NAJJAR, TAMARA LYNN BOND-OGDEN and others, known and unknown to the grand jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree to commit an offense against the United States, that is, to possess with intent to distribute, and to distribute controlled substances, specifically one thousand (1,000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii), and 846.

> It is further part of the conspiracy that:

> 1. It was part of the conspiracy that, Jose Roberto Lucero-Bustamante and Armando Dias-Lucero lead a drug trafficking organization responsible for the shipment and distribution of marijuana, cocaine, and heroin on a regular basis from Mexico to Michigan. This organization is a part of the Joquin Guzman LOREA a.k.a "Chapo" GUZMAN Sinaloa Cartel based in Sinaloa, Mexico. The organization distributed thousands of kilograms of marijuana, over a thousand kilograms of cocaine, and kilogram-

sized quantities of heroin in the Detroit metropolitan area from July 2008 – 2011.

2. It was further part of the conspiracy that Pedro Delgado-Sanchez acted as a middle man between Lucero-Bustamante and Dias-Lucero in Mexico and Theodore Czach in Michigan for shipments of cocaine. Delgado-Sanchez would coordinate with Octavio Humberto Gamez to find couriers to bring the shipments of cocaine from the southwest border region of the United States to Michigan.

3. It was further part of the conspiracy that Leo Earl Sharp, Mark George Bailey, Walter Ogden, Tamara Lynn Bond-Ogden, and others, known and unknown to the grand jury, acted as couriers for the organization transporting cocaine and money between co-conspirators.

4. It was further part of the conspiracy that Alejandro Aparico Vargas, Antonio Simmons, Nicholas Dominick Simmons, Kenneth Dwayne Jenkins, David Felix Juarado, and Reymoyne Thornton would obtain multi-kilogram quantities of marijuana and cocaine for further distribution and sale.

5. During the life of the conspiracy, Jose Roberto Lucero-Bustamante, Pedro Delgado-Sanchez, and Octavio Humberto Gamez and other conspirators, aiding and abetting each other, possessed cocaine with the intent to distribute on a continuing basis. Some of these transactions include the following:

> A. Between 2009 and the end of 2011, Leo Sharp has delivered approximately 670 kilograms of cocaine to conspirators in Michigan.
>
> B. In 2011, Mark George Bailey delivered approximately 185 kilograms of cocaine to conspirators in Michigan.
>
> C. In July 2011, Walter Ogden and Tamara Lynn Bond-Ogden delivered approximately 200 kilograms of cocaine to conspirators in Michigan.
>
> D. When larger loads of cocaine were not available to be delivered to Michigan, Oscar Martinez would travel to Chicago to pick up kilogram-sized quantities of cocaine from this organization.

**ARGUMENT**

A.   **The Allegations Contained in Count Three of the SSI Are Constitutionally Sufficient**

Federal Rule of Criminal Procedure 7(c), which describes the "Nature and Contents" of Indictments and Informations, provides, in relevant part:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. . . . A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c) (emphasis supplied). In *Hamling*, the Supreme Court explained that an indictment satisfies constitutional requirements "if it, first, contains the element of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117.

An indictment is usually sufficient if it states the offense using the words of the statute, as long as the statute fully and unambiguously states all the elements of the offense. *Id*. However, when the statutory language is used to provide a general description of the offense, it must be accompanied with a statement of the facts and circumstances "as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* at 117-18. With respect to this last requirement, the Sixth Circuit has specifically held, in the context of a conspiracy case, that and indictment's "reference to a specific section of [a] statute [] was sufficient to meet the test that the indictment [] sufficiently apprise the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar

5

offense, that the record show with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Branan*, 457 F.2d 1062, 1064 (6th Cir. 1972).

This basic standard has long been the sole pleading requirement for drug conspiracy cases in this circuit. Accordingly, the first paragraph of Count Three is sufficient, by itself, to properly state a claim and comports with the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure (with respect to all identified controlled substances – cocaine, heroin and marijuana). *See*, *e.g*., *United States v. Vassar*, 346 F. App'x 17, 19-20 (6th Cir. 2009) (indictment containing equivalent of first paragraph of Count Three sufficient); *United States v. Ross*, 43 F. App'x 751, 758 (6th Cir. 2002) (controlled substance indictment is sufficient if it identifies the elements of the charged offenses, the specific statutory provision violated, the controlled substances involved, and the location and time frame of the alleged criminal activity).

Judge Maloney (in the Western District) recently recognized this basic pleading standard when analyzing a drug conspiracy indictment that spanned over 12 years. *See United States v. Hooks*, 2008 WL 907445 at *2 (W.D. Mich. 2008). The indictment at issue in *Hooks* is attached as Exhibit 1. The court denied the defendants' motion to dismiss, stating:

> The information contained in the indictment is constitutionally sufficient to provide Defendant with notice of the charges against him. Defendant has been put on notice that he, the six individuals who have been charged, and ten other individuals agreed and conspired to possess and distribute crack, marijuana and heroin. Defendant has been informed that the conspiracy began sometime in 1995 and continued through October 2007. The indictment uses language consistent with the statute and with case law and satisfies the notice requirement of the Rules of Criminal Procedure and the Constitution. The indictment includes citations to the specific statutes which Defendant has allegedly violated.

*Id*. Judge Russell in the Western District of Kentucky arrived at the exact same conclusion in a case containing an indictment almost identical to the first paragraph of Count Three, explaining

6

that such an indictment "is impervious to attack on a motion to dismiss." *United States v. Prentice*, 2011 WL 5507361 at *1 (W.D. Ky Nov. 10, 2011). The *Prentice* indictment attached as Exhibit 2.

The defendants do not cite any case law supporting their position that the SSI must specify information such as: (a) the dates and times that the drug activities took place; (b) what transactions were committed in furtherance of the conspiracy; (c) who agreed with who, and when; and (d) what facts show the defendant's knowledge and intent. Indeed, the defendants' motions completely misconstrue what is necessary to prove a drug conspiracy.

At trial, the government will only be required to prove that two or more persons conspired, or agreed, to commit the crime of possession with intent to distribute or to distribute cocaine, heroin, and/or marijuana and that the defendant knowingly and voluntarily joined the conspiracy. *See* Sixth Circuit Pattern Criminal Jury Instructions, § 3.01A. The essence of a conspiracy charge is an agreement to commit an illegal act, not its accomplishment. *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992). The conspiracy itself is the completed offense. *Id*.

As a result, the statute does not require the government to establish that the defendant performed an overt act in furtherance of the conspiracy. *United States v. Shabani*, 513 U.S. 10, 13, 15 (1994); *Superior Growers Supply, Inc.*, 982 F.2d at 177. The statute does not require a formal or express agreement; instead a tacit or mutual understanding among the parties is enough. *United States v. Phibbs*, 999 F.2d 1053, 1063 (6th Cir. 1993). Indeed in a drug "chain" conspiracy, it is enough to show that each member of the conspiracy realized he was participating in the joint venture, even if he did not know the identities of every other member, or was not involved in all of the activities in furtherance of the conspiracy. *United States v. Miller*,

7

181 F. App'x 105 at *3 (6th Cir. 1999) (discussing *United States v. Maliszewski*, 161 F.3d 992, 1014 (6th Cir. 1998)). "Drug distribution conspiracies are often 'chain' conspiracies such that agreement can be inferred from the interdependence of the enterprise. One can assume that participants understand that they are participating in a joint enterprise because success is dependent on the success of those from whom they buy and to whom they sell." *United States v. Henley*, 360 F.3d 509, 513 (6th Cir. 2004).

Based on the foregoing, the case law is clear that the SSI does not need to contain more than what is alleged in the first paragraph of Count Three.[2] *See Vassar*, *Ross*, *Hooks* and *Prentice*, *supra*. The SSI certainly does not need to identify the dates and times that specific drug transactions took place. The timeframe of a drug conspiracy indictment is proper as long as it fixes an end date to the conspiracy and provides and approximate start date. *Vassar*, 346 F. App'x at 19-20. The SSI does not need to specifically identify what transactions were committed in furtherance of the conspiracy. The law is clear that a drug conspiracy indictment does not need to charge an overt act. *Superior Growers Supply, Inc.*, 982 F.2d at 177. Finally, the SSI certainly does not need to specify precisely who each defendant agreed with (or when) because "it is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *United States v. Gioiosa*, 1991 WL 15149, at *3 (6th Cir. Feb. 7, 1991) (discussing *United States v. Piccolo*, 723 F.2d 1234 (6th Cir. 1983)); *United States v. Miller*, 1999 WL 357777 at *4 (6th Cir. May 20,

---

[2] Subparagraphs 1-5 of Count Three supply additional facts beyond that which is constitutionally or procedurally required, providing supplemental information with respect to the roles undertaken by the various defendants in terms of the shipment, couriering, and distribution of controlled substances.

8

1999). Consequently, the defendants' argument that Count Three of the SSI should be dismissed has no merit and should be denied.

**B.     Count Sixteen Should Not Be Dismissed**

Defendant Jenkins's motion to dismiss also claims that Count Sixteen – in which the grand jury charged him with being a felon in possession of a firearm – should also be dismissed. While styled as a motion to dismiss, defendant Jenkins's motion is clearly a premature Rule 29 motion. Count Sixteen identifies the date (February 28, 2012), the location, and the specific guns that defendant Jenkins is alleged to have possessed. Despite counsel's repeated claims of ignorance as to the details of the claim, defendant Jenkins knows from the discovery produced (Bates 2355-2363) that this count is based on the weapons seized during execution of the search and arrest warrants at his home. Defendant Jenkins's claim that there is no evidence indicating that he actually or constructively possessed the weapons found at his home when he was arrested (*see* DE 164 at 15) is not proper at this juncture. In essence, defendant Jenkins asks the Court to determine, prior to trial, that the government lacks the necessary facts to convict him. The Court is in no position at this point to make those determinations since no evidence has been presented and, therefore, the Court has no context to weigh his potential criminal liability. *See United States v. Levin,* 973 F.2d 463, 468 n.2 (6th Cir. 1992) ("a defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence").

**C.     Defendants Are Not Entitled To A Bill Of Particulars With Respect To Count Three**

Defendants also seek a bill of particulars, requesting that the government: (a) identify when and how the defendants became involved in the conspiracy; (b) when and with whom these defendants agreed to commit illegal acts; and (c) answer other discovery questions proposed by defendant Nicholas Simmons. All of the defendants' remaining requests should be denied.

9

Federal Rule of Criminal Procedure 7(f) provides, in relevant part: "[t]he Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." *See* Fed. R. Crim. Proc. 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id.*; *see also United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004). A request for a bill of particulars should not be used to circumvent the rules of discovery and is not an investigative vehicle for the defense. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). These limitations on the use of bills of particulars are "particularly true in a conspiracy case in which the government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *Hooks*, 2008 WL 907445 at *3 (citing *United States v. Hayes*, 1989 WL 105937 (6th Cir. 1989)).

In this case, there is no basis for a bill of particulars. First, all of the applicable information that the defendants seek is available in the discovery produced by the government. It is black-letter law that a defendant is not entitled to a bill of particulars with respect to information that is available through other sources, including discovery. *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute; Piccolo*, 723 F.2d at 1240 (bill of particulars denied because the defendant received all of the information in the possession of the government through discovery); *United States v. Cox*, 2012 WL 6568088, at *1 (E.D. Mich. Dec. 14, 2012). The government has provided the defendants with over 3,300 pages of discovery, approximately 28 body wire recordings, 34 consensually-

10

recorded phone calls, 211 pertinent Title III calls, dozens of photographs, and all line sheets from the calls intercepted pursuant to Title III. Transcripts have been provided for nearly all of the recordings. The government also provided a compact disk (CD) with significant clips from a pole cam and a CD with phone records (as well as certain flight records). Additionally, the government has made all physical evidence and financial records available for inspection. Finally, the government will also provide the defendants with DEA-6 reports documenting debriefings with the government's Confidential Informant shortly.

Second, and more important, the requests made by defendants Czach and Simmons are clearly improper. A bill of particulars cannot be used to force the government to identify when and how the defendants became involved in the conspiracy. It has long been recognized that a bill of particulars may not be employed to compel the government to provide essential facts regarding the existence and formation of the conspiracy, including overt acts, or the precise roles the defendants and his co-conspirators played in forming and executing the conspiracy. *Salisbury*, 983 F.2d at 1375 (bill of particulars cannot be used to discovery overt acts); *United States v. Litman*, 547 F. Supp. 645, 654 (W.D. Pa 1982) ("[i]t is not necessary for the Government to disclose in a bill of particulars the precise details of the roles the defendant and his coconspirators allegedly played in forming and executing the conspiracy, or all the overt acts the Government will prove at trial in establishing the conspiracy."); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) (bill of particulars cannot be used to compel facts regarding the existence and formation of the conspiracy). This conclusion was set forth in *United States v. Wilson*, 493 F. Supp. 2d 364, 372 (E.D.N.Y. 2006), the primary case relied upon by defendant Czach. *See id*. ("[d]etails regarding the date on which the conspiracy was formed, or when each participant entered into the conspiracy need not be reveled before trial").

Similarly, the defendants cannot use a bill of particulars to require the government to disclose with whom they agreed and when. *Rey*, 923 F.2d at 1222 (6th Cir. 1991) (denying bill of particulars, stating that "it is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet"); *Crayton*, 357 F.3d at 568; *United States v. Blaney*, 2012 WL 553558, at *2 (E.D Mich. Feb. 21, 2012). As one District Court recently stated, when denying a similar request in a multi-defendant drug conspiracy case:

> Defendant's detailed list of information included in his prayer for relief suggests the motion is a disguised attempt at discovery. Defendant requests this Court order the government to (1) list all dates on which the alleged conspirators joined and withdrew from the conspiracy, (2) all overt acts not identified in the indictment including dates, locations, participants, (3) dates, times and places where Defendant is alleged to have conspired and the names of his co-conspirators, (4) names and identities of individuals not named in the indictment but known to the grand jury. As the government would not necessarily need to present this information to the jury in order to secure Defendant's conviction, Defendant is not entitled to an order requiring the government to provide this information.

*Hooks*, 2008 WL 907445 at *3.

Finally, the series of interrogatories posed by Defendant Simmons is merely an attempt to discovery the minutia of the Government's case. Such requests, which are nothing more than detailed interrogatories in the guise of a bill of particulars, are clearly improper. *See Salisbury*, *supra*; *Anderson*, *supra*.

The cases cited by the defendants in support of their motions are easily distinguishable. For example, in *Wilson*, the court denied nearly every single request for a bill of particulars. *Wilson*, 493 F. Supp. 2d at 369-74. The only request that was granted dealt with the unique charge of conspiracy to murder in the aid of racketeering, in which the court simply ordered the government to disclose the names of the murder victims. Similarly, in *United States v. O'Neal*,

12

2008 WL 5435575 (E.D. Tenn. 2008), the court denied almost all of the requests, including requests nearly identical to those made in this case. *Id*. at *2-3. The court only required the government to disclose whether any of the defendants were involved in the conspiracy for a time period shorter than the entire conspiracy due to inconsistencies regarding the length of the conspiracy contained in various counts of the indictment. *Id*. at *3 (7-year period in Count 1 versus a narrower period in all other drug counts). No such inconsistencies exist here.

## CONCLUSION

Consequently, the government requests that the Court deny the defendants' motions to dismiss and motions requesting a bill of particulars.

> Respectfully submitted,
>
> BARBARA L. McQUADE
> UNITED STATES ATTORNEY
>
> /s/ Douglas C. Salzenstein
> Douglas C. Salzenstein (P59288)
> Christopher Graveline
> Assistant United States Attorneys
> 211 Fort Street
> Suite 2001
> Detroit, MI 48226
> (313) 226-9100
> doug.salzenstein@usdoj.gov
> christopher.graveline2@usdoj.gov

Dated: February 25, 2013

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 25, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

/s/ Douglas C. Salzenstein
Douglas C. Salzenstein (P59288)
Christopher Graveline
Assistant United States Attorneys
211 Fort Street
Suite 2001
Detroit, MI 48226
(313) 226-9100
doug.salzenstein@usdoj.gov
christopher.graveline2@usdoj.gov