UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH DWAYNE JENKINS, D-12,

    Defendant.

_____/

Case No. 11-20699

Honorable Nancy G. Edmunds

**ORDER DENYING MOTIONS FOR IMMEDIATE RELEASE [567, 570]**

Defendant Kenneth Dwayne Jenkins is currently in the custody of the Federal Bureau of Prisons ("BOP"). This matter is before the Court on Defendant's motions for sentence reduction brought under 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 567, 570.) The Government filed a response in opposition to Defendant's motions (ECF No. 572) and Defendant filed a reply (ECF No. 575). The Court has reviewed the record and finds that a hearing is not necessary. For the following reasons, the Court DENIES Defendant's motions.

**I.**     **Background**

On October 7, 2013, Defendant pled guilty to Count Three of the Second Superseding Indictment which charged him with conspiring to possess with intent to distribute and distribution of 1,000 kilograms or more of controlled substances. (ECF No. 288.) This Court sentenced Defendant to a below-guideline 166-month term-of-imprisonment to be followed by a 60-month term of supervised release. (ECF No. 350.) Defendant is now incarcerated at FCI Beaumont Low in Beaumont, Texas. He has served over half of his sentence and has a release date of May 15, 2026.

1

On February 17, 2022 and February 25, 2022, Defendant filed identical motions in which he asks the Court to issue an order for "immediate release" pursuant to 18 U.S.C. 3582(c)(1)(A). As the basis of his motions, Defendant cites his age (63 years), his participation in GED and programming classes, and "deteriorating health conditions" including gastrointestinal problems, borderline diabetes, high blood pressure, chest pain, and arthritis. (ECF No. 567, PageID.4229.) He states that his crime "was one of ignorance" and that he intends to "return to productive society." (ECF No. 567, PageID.4231.)

The Government opposes Defendant's motion primarily because Defendant's medical conditions are not life-threatening and are being managed by the BOP. (ECF No. 572, PageID.4286.) Additionally, the Government argues that the § 3553(a) factors do not favor release. (*Id.*)

**II.    Legal Standard**

Eighteen U.S.C. § 3582(c)(1)(A) allows district courts to reduce the sentences of incarcerated persons if (i) "extraordinary and compelling reasons warrant such a reduction," or (ii) the defendant is at least 70 years old and other statutory factors are met. 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  As Defendant does not meet the age and other statutory prerequisites for relief under sub-section (ii), the Court construes Defendant's motion as one for "compassionate release" under 18 U.S.C.§ 3582(c)(1)(A)(i). To be eligible for a sentence reduction under this section, three requirements must be satisfied. First, the court must "find[ ]" that "extraordinary and compelling reasons warrant" a sentence reduction. *Jones*, 980 F.3d at 1107–08 (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must "find[ ]" that "such a reduction is consistent with *applicable* policy statements

issued by the Sentencing Commission." *Id.* at 1108 (citing 18 U.S.C. § 3582(c)(1)(A)). When an incarcerated person, rather than the BOP, files a compassionate-release motion, the court omits this second step. *Id.* at 1108, 1111; *see also United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021). Third, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

An inmate may bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the BOP. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)). Defendant exhausted his administrative remedies. He requested compassionate release from the warden of his facility on November 18, 2021 and filed the present motions over 30 days later. (*See* ECF No. 567, PageID.4240.) The government does not contest exhaustion. (ECF No. 572, PageID.4276.) The Court therefore finds this threshold requirement to relief has been satisfied.

#### B. Extraordinary and Compelling Reasons

Section 3582 does not define "extraordinary and compelling reasons." Thus, "district courts have discretion to define 'extraordinary and compelling' on their own

3

initiative." *Elias*, 984 F.3d at 519-20; *see United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). But "discretion" does not mean the court's power is without limit. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). For instance, an inmate's rehabilitation, standing alone, is not an extraordinary and compelling reason for a sentence reduction. *Id.* at 561 (citing 28 U.S.C. § 994(t)). Courts in this circuit are also prohibited from factoring in non-retroactive changes in the law as well as facts that existed when the defendant was sentenced. *Id.* at 562. Additionally, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

Defendant argues in his motion that his age and medical conditions make him eligible for immediate release. (*See* ECF No. 567, PageID.4229.) While the Court sympathizes with Defendant, it does not find this combination of circumstances amounts to an "extraordinary" or "compelling" reason for relief. See *Hunter*, 12 F.4th at 562 ("[W]hen Congress enacted [§ 3582(c)] in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.' . . . '[c]ompelling' meant 'forcing, impelling, driving.'"). Defendant has been vaccinated against COVID-19 and his medical records indicate that all his medical conditions are being properly treated and managed by the BOP. Indeed, as the Government points out, Defendant recently underwent an annual physical exam where BOP physicians found that Defendant was doing "very well." (ECF No. 572, PageID.4277 (referencing Exhibits 2 and 3, medical records filed under seal.))

Defendant's other arguments also fail to meet the requirements of the statute. While the Court commends Defendant for participating in GED and other educational coursework, rehabilitation alone cannot be considered an extraordinary and compelling reason for a sentence modification. *Hunter*, 12 F.4th at 561 (citing 28 U.S.C. § 994(t)). Similarly, Defendant's desire to "return to productive society" does not amount to an extraordinary or compelling reason for a sentence modification. (ECF No. 567, PageID.4231.)

In sum, Defendant has not shown extraordinary and compelling reasons that would warrant a change in his sentence.

### C.     Section 3553(a) Factors

Given that Defendant has not presented extraordinary and compelling reasons to warrant a sentence reduction, an analysis of the § 3553(a) factors is not necessary. *See Elias*, 984 F.3d 516 at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")

## IV.    Conclusion

For the foregoing reasons, Defendant's motions for immediate release are **DENIED**.

**SO ORDERED**.

                                       s/ Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Court Judge

Dated: April 27, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 27, 2022, by electronic and/or ordinary mail.

                    s/ Lisa Bartlett
                    Case Manager